**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **MELISSA WILSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INSTALLATION & SERVICE TECHNOLOGIES, INC.,**<br>Serve Resident Agent:<br>Corporation Service Company<br>2900 Southwest Wanamaker Drive, Suite 204<br>Topeka, Kansas 66614<br><br>**AND**<br><br>**JACOB HORWITZ,**<br>Serve at Place of Employment:<br>8340 Mission Road, Suite B4<br>Prairie Village, KS 66206<br><br>**Defendant.** | **Case No.** 12-cv-2667 JWL/KGG<br><br>**JURY TRIAL DEMANDED** |

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

**<u>COMPLAINT</u>**

COMES NOW the Plaintiff, Melissa Wilson ("Plaintiff"), by and through her attorneys, and alleges the following against Defendants Installation & Service Technologies, Inc. ("IST") and Jacob Horwitz ("Horwitz"):

**NATURE OF THE CLAIM**

1. This action for legal and equitable relief arises under a Title VII claim for sexual harassment, and under state law claims of Battery and False Imprisonment.

2. The jurisdiction of this Court is invoked pursuant to § 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)5(f)(3), (herein referred to as "Title VII"), 28 U.S.C. § 1331 (Federal Question), and the Civil Rights Act of 1991.

## PARTIES

3. Ms. Wilson is a female citizen of the United States. At all times herein, she was employed by Defendant IST at its facility in Prairie Village, Kansas.

4. Defendant IST is a corporation authorized and doing business in the state of Kansas.

5. Defendant IST employs more than 200 employees nation-wide.

6. Defendant Horwitz is a male citizen of the United States.

7. At all times herein, Defendant Horwitz was IST's president and CEO.

8. At all times mentioned herein, each of Defendant IST's employees named in this Complaint were either proxies, agents, servants and employees of Defendant IST.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

10. This Court has subject matter jurisdiction over the state law claims of Battery, as set out in Count III, and False Imprisonment, as set out in Count IV, by virtue of the Court's supplemental jurisdiction under 28 U.S.C. §1367. The Battery and False Imprisonment claims form part of the same case or controversy under Article III of the United States Constitution because the Plaintiff's federal and state law claims derive from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

12. On or about March 8th, 2012, Ms. Wilson timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). A copy of each Charge is attached hereto as Exhibit A and is incorporated herein by reference.

13. On or about July 23, 2012, the EEOC mailed Ms. Wilson her Right to Sue Notice pursuant to Title VII. A copy of the Right to Sue Notice is attached hereto as Exhibit B and is incorporated herein by reference.

14. This Complaint has been filed with this Court within 90 days of Mrs. Wright's receipt of her EEOC Right to Sue Notice. Mrs. Wright has therefore fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATIONS

15. Plaintiff began her employment with Defendant IST on or about January 11, 2012 doing data entry and phone support.

16. Defendant Horowitz subjected Plaintiff to sexual comments and conduct.

17. Defendant Horwitz threw candy down Plaintiff's shirt, between her breasts, and looked down into her shirt.

18. When Plaintiff complained to a female management-employee about Horwitz's conduct, the female-manager said: "I know Jacob has been warned before about making comments about the girl's boobs. I've had to tell him that I'll have [my boyfriend] come up here if he doesn't stop."

19. Defendant Horwitz asked Plaintiff if she had "any tattoos on her hidden parts . . ." and asked if he could see them if she did.

20. On or about the night of February 15, 2012, Defendant Horwitz approached Plaintiff in one of the hallways of the facility.

21. Defendant Horwitz began talking to Plaintiff about her "hours" and her future employment with Defendant IST.

22. Defendant Horwitz stopped talking about Plaintiff's employment, began staring at her breasts, and said: "Oh wow, I'm sorry. It's hard to concentrate right now."

23. Defendant Horwitz continued to interrupt the conversation about Plaintiff's future job assignments by saying: "Where were we? What were we talking about?" while staring at Plaintiff's breasts.

24. Defendant Horwitz then said: "Wow, I wish you worked day shift. But, I'd be afraid I wouldn't be able to get anything thing done. I wouldn't be able to stop staring at your boobs. Your cleavage makes [another female employee's] cleavage look like a nun's!"

25. Defendant Horwitz then licked his lips, placed a hand on his groin and said: "Wow, I can't concentrate."

26. While staring at Plaintiff's breasts, Defendant Horwitz asked: "Are those real? Your breasts. They're just so perfect."

27. Plaintiff turned for the door.

28. Defendant Horwitz stepped between Plaintiff and her exit.

29. Defendant Horwitz asked: "How about just a little peak?"

30. With one hand Defendant Horwitz touched his groin and said: "How about just a little touch?"

31. Plaintiff tried to step around Defendant Horwitz.

32. Defendant Horwitz moved in front of Plaintiff, barring her exit.

33. Defendant Horwitz then shoved his hand into Plaintiff's shirt, touching her breast.

34. Defendant Horwitz then said: "Oops. That was not appropriate."

35. Plaintiff then complained, by text message, to a female-management employee about what Defendant Horwitz had done to her and left the building.

36. On or about February 16, 2012, the following day, Plaintiff talked to Defendant IST's new Human Resources ("HR") employee about what Defendant Horwitz had done to her.

37. Defendant IST's HR employee asked Plaintiff how she could help her, adding that she couldn't do anything with Defendant Horwitz other than take a "statement" and file it "because he's the owner."

38. Plaintiff's working conditionings were rendered intolerable and she resigned, being constructively discharged from employment with Defendant IST.

39. At all times mentioned herein, before and after, the above described perpetrators were proxies, agents, servant and employees of Defendant IST and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant IST. Therefore, Defendant IST is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

**COUNT I**

Title VII-Sexual Harassment & Sexual Discrimination
(Against Defendant IST)

COMES NOW Plaintiff and for Count I of her Complaint against Defendant alleges and states follows:

40. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

41. During the course of Plaintiff's employment Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination and sexual harassment against Plaintiff, based on her sex, in violation of § 703(a) of Title VII, 42 U.S.C.§ 2000e-2(a) and § 2000e-3(a).

42. The Defendant's harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

43. The conduct as described herein would have offended a reasonable person of the same sex in Plaintiff's position.

44. Management level employees knew, or should have known, of the sexual harassment and sexual discrimination described herein, but failed to take appropriate remedial action.

45. By failing to conduct a prompt and thorough investigation of Plaintiff's first allegations, Defendant exacerbated the sexually hostile environment and sexual discrimination in Plaintiff's work place.

46. Defendant, through its proxy, agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

47. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff is now suffering and will continue to suffer damages, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful sexual harassment and discrimination provided by 42 U.S.C. 2000(e) et seq.; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert' fees provided by 42 U.S.C. §2000(e) -5(k); and for such other and further relief the Court deems just and proper.

**COUNT II**
Battery
(Against Defendants IST and Horwitz)

COMES NOW Plaintiff and for Count III of her Complaint against both Defendants she alleges and states follows:

48. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

49. During Plaintiff's employment and while she was performing responsibilities associated with her employment, Defendant Horwitz intentionally touched Plaintiff's breast in an offensive and intimidating manner.

50. As a direct and proximate result of Defendant Horwitz's intentional acts, Plaintiff sustained fear, nervousness, and mental suffering, including humiliation and indignity.

51. Defendant Horwitz's conduct showed a complete indifference to, and a conscious disregard for the health and safety of Plaintiff, thereby justifying an award of punitive damages in this matter.

52. Defendant IST was aware that Defendant Horwitz intentionally touched Plaintiff in a way that was threatening, offensive, and degrading to her.

53. Defendant IST failed to promptly and effectively discipline Defendant Horwitz.

54. Defendant Horwitz, as owner, president and CEO of Defendant IST, act as a "proxy" for Defendant IST regarding his sexually inappropriate physical contact with Plaintiff, his knowledge of the sexually inappropriate act, and his ratification of the deed thereafter.

55. Based on the actions and conduct of Defendant IST and Defendant Horwitz's relationship to Defendant IST as owner, president and CEO, Defendant IST condoned and then ratified the actions of Defendant Horwitz.

WHEREFORE, Plaintiff demands judgment against Defendants in such amount as shall be fair and reasonable for, among other things, Plaintiff's pain and suffering, the cost of this action, punitive damages, interest at the highest legal rate, and for such other and further relief as the Court may deem necessary and proper.

## COUNT III
False Imprisonment
(Against Defendants IST and Horwitz)

56. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

57. While acting as the IST president and CEO, Defendant Horwitz physically restrained Plaintiff against her will.

58. Defendant Horwitz had no legal excuse for restraining Plaintiff.

59. Defendant Horwitz's restraint of Plaintiff against her will caused Plaintiff fear, nervousness and mental anguish.

60. Defendant Horwitz restraint of Plaintiff was a willful and done out of malice and/or a reckless disregard for Plaintiff or her rights, thereby justifying an award of punitive damages.

61. Defendant Horwitz's conduct showed a complete indifference to, and a conscious disregard for the health and safety of Plaintiff, thereby justifying an award of punitive damages.

62. Defendant IST was aware of Defendants Horwitz's actions because Defendant Horwitz, as owner, president and CEO of Defendant IST, acted as a proxy on behalf of Defendant IST.

63. Defendant IST was aware of Defendant Horwitz's actions because Plaintiff complained to Defendant IST's management level employees and Defendant IST's Human Resources employee(s) about Defendant Horwitz's actions toward her.

64. When Plaintiff complained to Defendant IST's management employee(s) and Human Resources, she was told that Defendant Horwitz had engaged in sexually inappropriate conduct with female employees in the past of which management was aware, that threats to have "boyfriends come here" was how such conducts had been addressed, and that prompt remedial action could not be taken "because he's the owner."

65. Defendant IST failed to promptly and effectively discipline Defendant Horwitz.

66. Based on the actions and conduct of Defendant IST and Defendant Horwitz relationship with Defendant IST as owner, president and CEO, Defendant IST condoned the actions of Defendant Horwitz and thereby ratified his conduct.

WHEREFORE, Plaintiff demands judgment against Defendants IST and Horwitz on Count III of her Complaint in such amount as shall be fair and reasonable for, among other things, Plaintiff's pain and suffering, the cost of this action, punitive damages, interest at the highest legal rate, and for such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,

**HOLMAN SCHIAVONE, LLC**

By: /s/ Thomas F. Ralston

Kirk D. Holman, KS Bar# 19558
Anne Schiavone, KS Bar# 19669
Thomas F. Ralston, KS Bar#78212
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: kholman@hslawllc.com
Email: aschiavone@hslawllc.com
Email: tralston@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY
[ ] FEPA
[X] EEOC

CHARGE NUMBER
563-2012-01008

_______________________________________ and EEOC
State or local Agency, if any

NAME *(Indicate Mr., Ms., Mrs.)*
Mrs. Melissa Wilson

HOME TELEPHONE *(Include Area Code)*
816-813-8166

STREET ADDRESS
8447 Lowell Avenue, Apartment 47B

CITY, STATE AND ZIP CODE
Overland Park, KS 66212

DATE OF BIRTH
[redacted]/84

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Installation & Service Technologies | 100+ | 913-652-7000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 8340 Mission Road, Suite B4 | Prairie Village, KS 66206 | Johnson |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] AGE
[ ] RETALIATION [ ] National Origin [ ] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)
January 22, 2012 - February 15, 2012

[X] CONTINUING ACTION

THE PARTICULARS ARE

I am Caucasian female and my nation of origin is the United States.

I began working for this entity on or about Jan 11, 2012. The owner, Jacob Horwitz, made sexual comments to me, touched me in an offensive sexual manner, and preventing me from walking away from him when he sexually assaulted me. Mr. Horwitz made sexually suggestive comments to me within first 2 weeks of employment and I complained to my supervisor, Christy Willoughby, about it. He then made more sexually suggestive comments and I complained again to Christy Willoughby. Soon after my second complaint, Mr. Horwitz stopped me in a stairwell. He barred my exit and held the door knob from the hallway to the office where other co-workers were. He shoved his down my shirt and grabbed my breast.

I made a complaint to HR. They said there's really nothing they can do because "he's the owner."

I have been sexually harassed in violation of Title VII.

2012 APR 16 11:24

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 3/8/2012 Charging Party *(Signature)* Melissa Wilson

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (10/94)

# EXHIBIT B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Melissa Wilson**
**8447 Lowell Avenue**
**Apartment 47B**
**Overland Park, KS 66212**

From: **Kansas City Area Office**
**Gateway Tower II**
**400 State Avenue**
**Kansas City, KS 66101**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2012-01008** | **Anne Mergenmeier, Investigator** | **(913) 551-5849** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Reggie Wells for
**Billie I. Ashton,**
**Director**

7-23-12
*(Date Mailed)*

Enclosures(s)

cc:

**Michael S. Hammer**
**Legal Counsel**
**INSTALLATION & SERVICE TECHNOLOGIES, INC.**
**8340 Mission Road, Suite B4**
**Prairie Village, KS 66206**

**Thomas F. Ralston**
**HOLMAN SCHIAVONE, LLC**
**4600 Madison**
**Suite 810**
**Kansas City, MO 64112**