IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Melissa Wilson,**

        **Plaintiff,**

v.                                                                       Case No. 12-2667-JWL

**Installation & Service Technologies,**
**Inc. and Jacob Horwitz,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed suit against her former employer, defendant Installation & Service Technologies, Inc., and its President and Chief Executive Officer, defendant Jacob Horwitz, alleging sexual harassment, battery and false imprisonment. In their Answer, defendants assert four defenses premised upon *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Plaintiff now moves for summary judgment on those defenses (doc. 5) on the grounds that she alleges sexual harassment solely by her employer's President and CEO such that the *Faragher/Ellerth* defense has no application to this case. *See Helm v. Kansas*, 656 F.3d 1277, 1285-86 (10th Cir. 2011) (suggesting without deciding that the *Faragher/Ellerth* defense would not be available to a defendant when the harasser is "high enough in the management hierarchy" that he may be considered the employer's alter ego).

In response, defendants agree with plaintiff's statement of the law and clarify that they do not intend to assert these defenses as true affirmative defenses to vicarious liability (in the sense that they would bear the burden of proof on the defenses) but only as defenses or denials to

specific elements of plaintiff's sexual harassment claim. Defendants have proposed certain amendments to their defenses, primarily removing the references to *Faragher* and *Ellerth*, to clarify that point. Plaintiff's reply, then, raises issues about the proposed amendments, including the propriety of asserting general denials to plaintiff's prima facie case as well as their purported relevance to plaintiff's prima facie case.

Because this case is in the very early stages of litigation, and because defendants have offered to file an Amended Answer that they believe will address plaintiff's concerns, the court believes that the most appropriate resolution of plaintiff's motion is to moot that motion and permit defendants to file an Amended Answer no later than Friday, January 25, 2013. Then, if plaintiff believes that the defenses in the Amended Answer are subject to challenge, plaintiff may file whatever motion she deems appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for summary judgment on defendants' *Faragher*/*Ellerth* affirmative defenses (doc. 5) is moot and defendants are directed to file an Amended Answer no later than Friday, January 25, 2013.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2